## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

———————————————

№ 19-CV-3737 (LDH) (RER)

———————————————

DEBORAH LOWERY,

Plaintiff,

VERSUS

FIRE TALK LLC,

Defendant.

———————————————

**REPORT & RECOMMENDATION**

June 29, 2020

———————————————

**TO THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

On June 27, 2019, Plaintiff Deborah Lowery ("Lowery" or "Plaintiff") brought this copyright infringement action against Defendant Fire Talk LLC ("Fire Talk" or "Defendant") pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*. (Dkt. No. 1 ("Compl.")). On July 8, 2019, Defendant was served. (Dkt. No. 6). After Defendant failed to answer or otherwise defend against the suit, the Clerk of the Court entered default against it. (Dkt. No. 8). Plaintiff subsequently filed this Motion for Default Judgment. (Dkt. No. 9). Your Honor referred this motion to me for a Report and Recommendation. (Order dated 9/10/2019). For the reasons discussed below, I respectfully recommend that Plaintiff's Motion for Default Judgment be granted and that Plaintiff be awarded $750 in statutory damages, $600 in attorney's fees, and $400 in costs.

1

## BACKGROUND[1]

Plaintiff, a New York photographer, took a photograph of the musician Corey Flood (the "Photograph"). (Compl. ¶¶ 1, 7). "Plaintiff first published the Photograph on March 27, 2019." (Dkt. No. 10 ("Liebowitz Decl.") ¶ 4). Plaintiff subsequently registered the Photograph with the United States Copyright Office "and was given Copyright Registration Number VA 2-155-207, with an effective date of March 29, 2019." (Liebowitz Decl. ¶ 5). On March 29, 2019, Defendant posted the Photograph on its Instagram account without Plaintiff's permission. (Compl. ¶ 10; Liebowitz Decl. ¶ 6). Plaintiff brings this action for copyright infringement seeking statutory damages as well as attorney's fees and costs. (Compl. ¶¶ 17–18).

## LEGAL STANDARD

In considering default judgment under Federal Rule of Civil Procedure 55 ("Rule 55"), "the court must accept as true all well-pleaded allegations in the complaint." *Said v. SBS Elecs., Inc.*, No. 08-CV-3067 (RJD) (JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *R&R adopted as modified by* 2010 WL 1287080 (Mar. 31, 2010). "Even so, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (quoting *Leider v. Ralfe*, No. 01 Civ. 3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)).

In making the damages determination, the court is not bound by the well-pleaded allegations in the complaint. *Said*, 2010 WL 1265186, at *2. Rather, after a finding of liability, "[i]t is the court's responsibility to establish that damages have an evidentiary basis that can be

---

[1] Unless otherwise indicated, the following factual allegations are taken as true. *See Bricklayers Ins. & Welfare Fund v. R. Smith Restoration*, No. 11-CV-3854 (FB) (RER), 2013 WL 2120306, at *2 (E.D.N.Y. Mar. 8, 2013).

ascertained with 'reasonable certainty.'" *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1, 2019) (citing *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012).

## DISCUSSION

Plaintiff alleges Defendant infringed her copyright by posting the Photograph to its Instagram account after she had registered the Photograph with the United State Copyright Office. (Liebowitz Decl. ¶¶ 5–6). Plaintiff seeks $30,000 in statutory damages, $2,975 in attorney's fees, and $440 in costs. (*Id.* ¶¶ 14–15).

## I. Liability

"To establish infringement of copyright, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff alleges she owns the valid copyright to the Photograph and supports this allegation by providing the Copyright Registration Number. (Compl. ¶¶ 8–9). "[A] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright." *MerchDirect LLC v. Cloud Warmer, Inc.*, No. 17-CV-4860 (RRM) (ARL), 2019 WL 4918044, at *7 (E.D.N.Y. Sept. 30, 2019) (quoting *PaySys Int'l, Inc. v. Atos Se, Worldline SA, Atos IT Servs. Ltd.*, 226 F. Supp. 3d 206, 215 (S.D.N.Y. 2016)) (internal quotation marks omitted). However, "[a]t the pleading stage, courts have accepted the registration number alone." *Conan Props. Int'l LLC v. Sanchez*, No. 17-CV-162 (FB) (RLM), 2018 WL 3869894, at *3 (E.D.N.Y. Aug. 15, 2018). Further, courts are "entitled to take judicial notice of copyright

registrations as published in the Copyright Office's registry." *Papazian v. Sony Music Entm't*, No. 16-CV-7911 (RJS), 2017 WL 4339662, at *6 n.6 (S.D.N.Y. Sept. 28, 2017) (citing *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)). In addition, other courts in this Circuit have accepted a registration number only to satisfy this prong in default judgment cases. *See, e.g., Bass v. Diversity Inc. Media*, No. 19 Civ. 2261 (AJN), 2020 WL 2765093, at *2 (S.D.N.Y. May 28, 2020); *Broad. Music, Inc. v. Living Room Steak House, Inc.*, No. 14-CV-6298 (FB) (RER), 2016 WL 756567, at *3 (E.D.N.Y. Feb. 26, 2016), *R & R adopted by* 2016 WL 1056609 (Mar. 17, 2016). Plaintiff has thus established that she owns a valid copyright to the Photograph.

"The word 'copying' is shorthand for the infringing of any of the copyright owner's . . . exclusive rights' described in [section] 106" of the Copyright Act. *Arista Records, LLC*, 604 F.3d at 117 (quoting *A&M Records, Inc v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). "Section 106 of the Copyright Act grants owners of a copyright the '*exclusive* right[ ] to do and to authorize [the reproduction of] the copyrighted work in copies.'" *Sheldon v. Plot Commerce*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016) (quoting 17 U.S.C. § 106) (emphasis in the original), *R & R adopted by* 2016 WL 5107058 (Sept. 19, 2016).

Here, Plaintiff alleges infringement from "Defendant's unauthorized reproduction and public display" of the Photograph. (Compl. ¶ 1). To support this allegation, Plaintiff provides the Court with a screenshot of Defendant's Instagram account displaying Plaintiff's Photograph dated March 29, 2019. (Dkt. No. 1-2 ("Compl., Ex. B")). These allegations are sufficient to meet the second prong of the test. *E.g., Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019), *R & R adopted by* 2019 WL 291145 (Jan. 23, 2019) (collecting cases).

4

Accordingly, Plaintiff has adequately alleged a claim for copyright infringement.

## II. Damages

Plaintiff seeks statutory damages as well as attorney's fees and costs. (Liebowitz Decl. ¶¶ 14–15). In default judgment cases, the court is not required to take Plaintiff's allegations as true in relation to damages. *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Cement and Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234). Rather, the court must satisfy itself that "damages have an evidentiary basis that can be ascertained with 'reasonable certainty.'" *Xin Long Lin*, 2019 WL 3716199, at *2 (quoting *Cement and Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 235). While not required, a court may determine damages by a formal hearing. *Moulton Masonry & Const., LLC*, 779 F.3d at 189. However, here, Plaintiff argues that "a formal inquest into actual damages in unnecessary because Plaintiff has elected an award of statutory damages." (Liebowitz Decl. ¶ 25).

### A. Statutory Damages

Plaintiff requests $30,000 in statutory damages. (Dkt. No. 11 ("Mem. in Supp. of Default J.") ¶ 3). "Under the Copyright Act, a plaintiff who elects statutory damages is entitled to an award of between $750 and $30,000 per work infringed, as the court considers just. Where the infringement is 'willful,' the maximum permissible award per infringed work rises to $150,000." *Myeress v. Elite Travel Grp. USA*, No. 18 Civ. 340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (quoting 17 U.S.C. § 504(c)(1)–(2)) (citations and internal quotation marks omitted). However, where the court finds the defendant "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Dermansky v. Tel. Media,*

*LLC*, No. 19-CV-1149 (PKC) (PK), 2020 WL 1233943, at *4 (E.D.N.Y. Mar. 13, 2020) (quoting

17 U.S.C. § 504(c)(2)) (internal quotation marks omitted). Importantly, the plaintiff bears the

burden of showing the defendant's willfulness. *Id.* at *4 (quoting 17 U.S.C. § 504(c)(2)) (internal

quotation marks omitted).

"When determining the amount of statutory damages to award for copyright infringement,

courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the

infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and

third parties; (5) the infringer's cooperation in providing evidence concerning the value of the

infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods.,

Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

"In the default context, it is . . . incumbent upon the plaintiff to submit a record sufficient

to support the amount of statutory damages that he is seeking. Of course, allowance must be made

for the fact that the defendant's failure to appear limits that which plaintiff can show." *Seelie v.

Original Media Grp., LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *2 (E.D.N.Y. Jan. 12,

2020) (collecting cases). Notwithstanding the defendant's default, the plaintiff still has the

ability—and the responsibility—to present some minimal amount of evidence in support of her

damages request, such as publicly available information about the defendant, interactions or lack

thereof between the plaintiff and defendant, or the length of the infringing activity. *Id.* at *4.

Moreover, the defendant's default has no effect on the plaintiff's ability to present evidence that is

in her sole control, like the amount of her usual fee. *Id.* at *2. Yet here, the pleadings and supporting

material do not provide any such allegations and ultimately do not provide enough information for

the Court to adequately consider most of the factors of the damages test.

The first factor considers the infringer's state of mind. As noted, it is the plaintiff's burden to show that "a defendant had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility." *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 374–75 (S.D.N.Y. 2019) (quoting *Bryant*, 603 F.3d at 143) (internal quotation marks omitted). While Defendant's default "is indicative of willfulness," *Seelie*, 2020 WL 136659, at *4, "in other cases where plaintiffs have received maximum or substantial statutory damages for violation of the Copyright Act, there is additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity." *Dermansky*, 2020 WL 1233943, at *5 (collecting cases). For example, in both *Seelie* and *Mantel v. Smash.com, Inc.*, where the respective courts found willfulness, the defendants "removed the credit for the photograph in which the licensee had shown plaintiff's name," suggesting the defendants "acted willfully." *Seelie*, 2020 WL 136659, at *1; *Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019). Here, Plaintiff makes no such allegations. The only allegation that implicates Defendant's state of mind is Plaintiff's conclusory statement that "Defendant operates in the publishing industry and is therefore presumed to have knowledge of the copyright law." (Liebowitz Decl. ¶ 20). However, no other information about Defendant's business or its inclusion in the publishing industry is alleged. Further, Plaintiff does not allege multiple acts of infringement and fails to allege whether she attempted to contact Defendant to notice it of the infringement, two other factors that would tip in favor of finding willfulness. *Dermansky*, 2020 WL 1233943, at *5 (collecting cases). "Because Plaintiff has presented no evidence of willful infringement," she is not entitled to a finding of willfulness. *Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515, 543 (S.D.N.Y. 2018).

The second factor examines what the infringer saved and/or earned from the infringement. Like in *Seelie*, it appears Plaintiff "has made no effort to ascertain the nature of this defendant's business or its financial wherewithal to pay a substantial damage award." *Seelie*, 2020 WL 136659 at *4. Plaintiff "has submitted no Bloomberg or Dun & Bradstreet report on defendant, no photographs of defendant's business, [and] no example of the kind of publication in which it engages." *Id.* As discussed above, Plaintiff makes the summary allegation that "Defendant operates in the publishing industry and is therefore presumed to have knowledge of the copyright law." (Liebowitz Decl. ¶ 20). However, Plaintiff fails to support the conclusory allegation, leaving the Court unable to evaluate the statement. Without more, it is impossible to weigh this factor.

The third factor assesses "revenue lost by the copyright holder." Plaintiff argues that because "Plaintiff elects statutory damages" she is not required to produce evidence of actual damages, "even if evidence of Plaintiff's actual losses is available." (Liebowitz Decl. ¶¶ 17–18). As such, Plaintiff "respectfully declines to submit evidence of his actual losses in the form of licensing fee history." (*Id.* ¶ 18). While Plaintiff is correct that she is not required to submit evidence of actual losses to attain statutory damages, "the seeming absence of tangible harm is something the Court may consider." *Mantel*, 2019 WL 5257571, at *3. When confronted with a plaintiff's refusal to submit her licensing fee, this Court has "draw[n] the inference that it is *de minimis*" as is the harm from the infringement. *Seelie*, 2020 WL 136659, at *1; *see also Dermansky*, 2020 WL 1233943, at *6. Further, relevant to both the second and third factors, Plaintiff does not allege how many days the photograph was posted to Defendant's Instagram account before it was removed. The evidence submitted only shows that the Photograph was posted to Defendant's Instagram on March 29, 2019, the day that the copyright became effective. (Compl., Ex. B; Liebowitz Decl. ¶ 5). Again, without more, the Court cannot assess this factor.

The fourth factor considers the deterrent effect of a damages award as to the infringer and to other potential infringers. Plaintiff has provided "no indication whether this is the first time or the 100th time that defendant has violated the copyright laws (something that should be readily ascertainable through a PACER search, if not from plaintiff's counsel's own extensive files)." *Seelie*, 2020 WL 136659, at *4. Such information is relevant because, as Judge Cogan noted in *Seelie*, "[g]iven the punitive and deterrence considerations inherent in fixing a statutory award, it seems to me that whether a defendant is a serial copyright violator and the level of defendant's gross revenues, bear heavily on the appropriate amount of statutory damages." *Id.*, at *4 (citations omitted). As such, the Court cannot adequately assess this factor.

The fifth and sixth factors examine the infringer's cooperation and the conduct and attitude of both parties. Defendant's default indicates its lack of cooperation in "providing evidence concerning the value of the infringing material." *Bryant*, 603 F.3d at 144. However, Plaintiff also demonstrates a certain lack of cooperation, including her failure to allege any information about her interactions with Defendant, Defendant's response to any cease-and-desist letters sent, and information regarding her usual fee.

The deficiencies of Plaintiff's factual allegations are born out above. Given the near total lack of evidence provided, I—like my colleagues in virtually identical cases—cannot say that Plaintiff has "developed this record sufficiently to warrant the statutory damages [s]he seeks." *Seelie*, 2020 WL 136659, at *4; *Dermansky*, 2020 WL 1233943, at *6. While Plaintiff argues that $30,000 "is consistent with a long-line of cases in this Circuit," the cases cited are distinguishable. (Liebowitz Decl. ¶ 19). As Judge Cogan put it in a nearly identical case where Plaintiff's counsel cited the same line of cases:

> counsel's cherry-picking of cases that support statutory awards that at least lean toward windfall recoveries without disclosing that, in a number of single-instance infringements against obscure defendants like the one here, he has recovered mere hundreds of dollars in statutory damages, renders his truncated presentation of the case law of little use.

*Seelie*, 2020 WL 136659, at \*5. With no evidence of Defendant's willfulness, no evidence of actual harm, and only a single act of alleged infringement, I conclude "that the infringing conduct was *de minimis*." *Dermansky*, 2020 WL 1233943, at \*6. Therefore, I respectfully recommend the Court award Plaintiff $750 in statutory damages for Defendant's single copyright infringement. *See Downs v. Yeshiva World News, LLC*, No. 18-CV-250 (LDH) (JO), 2019 WL 1261406, at \*3 (E.D.N.Y. Feb. 1, 2019), *R & R adopted by* Order dated 3/12/2019 (finding, on a similar record, that Plaintiff presented "no evidence to distinguish this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement").

## B. Attorney's Fees and Costs

Plaintiff seeks to recover $2,975 in attorney's fees and $440 costs under 17 U.S.C. § 505. (Liebowitz Decl. ¶ 15). Section 505 provides that in civil actions under the Copyright Act, "the court in its discretion may allow the recovery of full costs," including "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "An award of fees 'lies within the sole and rather broad discretion of the Court.'" *Reilly v. Commerce*, No. 15 Civ. 05118 (PAE) (BCM), 2016 WL 6837895, at \*12 (S.D.N.Y. Oct. 13, 2016) (quoting *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006)). "The Supreme Court has made clear that attorneys' fees in copyright actions are not automatic to the prevailing party." *CJ Prods. LLC v. Your Store Online LLC*, No. 11 Civ. 9513 (GBD) (AJP), 2012 WL 2856068, at \*5 (S.D.N.Y. Jul. 12, 2012) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)), *R & R adopted by* 2012 WL 471520 (Oct. 3, 2012).

1. **Attorney's Fees**

"When determining whether to award attorney's fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144. The Second Circuit has noted the third factor is particularly important. *Id.*

Again, the Court has little to work with in making such a determination, mostly due to Defendant's default but in part due to Plaintiff's lack of factual allegations. The first three factors cannot be analyzed because Defendant defaulted. The fourth factor is impossible to ascertain because Plaintiff has failed to allege any facts regarding her usual fee or anything else in relation to compensation. Further, Plaintiff does not allege any facts indicating that Defendant is a serial infringer, infringed willfully, failed to respond to or flouted a warning from Plaintiff or anything else related to deterrence. Still, considering Defendant's default and Plaintiff's meritorious claim, it is reasonable to award fees and costs. *Dermansky*, 2020 WL 1233943, at *7 (citing *Reilly*, 2016 WL 6837895, at *12).

Courts in this Circuit use the "lodestar" method for calculating reasonable attorney's fees. *See Baker*, 431 F. Supp. 2d at 360; *Downs*, 2019 WL 1261406, at *3. Under the lodestar method, "fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Baker*, 431 F. Supp. 2d at 360. Thus, the lodestar method requires the court to consider first, the reasonableness of counsel's hourly rate and second, the reasonableness of the number of hours expended by counsel on the case. Here, Mr. Liebowitz, Plaintiff's counsel, attests that his hourly rate is $425 and that he spent a total of 7 hours working on this case, resulting in $2,975 of total attorney's fees. (Liebowitz Decl. ¶ 23).

First, this Circuit "adhere[s] to the 'forum rule,' which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Zuffa, LLC v. South Beach Saloon, Inc.*, No. 15-CV-6355 (ADS) (AKT), 2019 WL 1322620, at *8 (E.D.N.Y. Mar. 6, 2019), *R & R adopted by* 2019 WL 1317568 (Mar. 22, 2019). Even providing for the "high end" of the spectrum of fees, this Court has determined reasonable rates to range from "$300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Zuffa, LLC*, 2019 WL 1322620, at *7 (collecting cases). Here, Mr. Liebowitz is "a founding member and managing partner" of his law firm. (Liebowitz Decl. ¶ 22). Mr. Liebowitz graduated from law school in 2015 and has since "filed over a thousand copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y." alone, "develop[ing] an expertise in the field." (*Id.*). However, as of the last filing in this case, Mr. Liebowitz had been practicing law for approximately four years total. Other courts in this Circuit have recently found Mr. Liebowitz's "experience is more consistent with that of an associate than a partner." *Mantel*, 2019 WL 5257571, at *4; *Stridiron v. Cmty. Broadcasters, LLC*, No. 5:19-CV-108 (MAD) (ATB), 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019). Thus, while Mr. Liebowitz argues that his hourly rate of $425 "is 'well below what other courts in this district have found reasonable' for partners," (Liebowitz Decl. ¶ 23), his status as a partner is not commensurate with his experience.[2] Therefore, I find it appropriate to treat Mr. Liebowitz as a fourth-year associate for the purposes of determining a reasonable fee and that $200 is a more suitable hourly rate.

Second, "[t]o determine whether the number of hours spent by counsel on a given task was reasonable, the Court must 'use its experience with the case, as well as its experience with the

---

[2] In addition, as noted previously, an hourly rate of $425 for a partner in the Eastern District of New York is not "well below what other courts in this district have found reasonable for partners" but rather would be considered on the high end. (Liebowitz ¶ 23); *see Zuffa, LLC*, 2019 WL 1322620, at *7 (collecting cases).

practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Zuffa, LLC*, 2019 WL 1322620, at *8 (quoting *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP) (WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005)). As noted above, Mr. Liebowitz declares he spent seven hours preparing this case, including an hour and a half reviewing the case file and conducting due diligence, an hour drafting the complaint, an hour processing service and requesting entry of default, and three and a half hours drafting and researching the application for default judgment. (Liebowitz Decl. ¶ 23). However, as other courts in this Circuit have found, this number of hours is excessive considering Mr. Liebowitz's previous filings. *See, e.g., Mantel*, 2019 WL 5257571; *Stridiron*, 2019 WL 2569863. Here, Mr. Liebowitz's submissions to the Court are nearly identical to submissions he has made to this Court in similar cases. (*See* Dkt. No. 14 ("*Seelie* Mem. in Supp.") and Dkt. No. 13 ("*Seelie* Decl."), *Seelie*, No. 19-CV-5643 (E.D.N.Y. 2020); Dkt. No. 12 ("*Dermansky* Mem. in Supp.") and Dkt. No. 11 ("*Dermansky* Decl."), *Dermansky*, No. 19-CV-1149 (E.D.N.Y. 2020); Dkt. No. 16 ("*Carmody* Mem. in Supp.") and Dkt. No. 15 ("*Carmody* Decl."), *Carmody v. DML News & Entm't, Inc.*, No. 18-CV-4893 (WFK) (SJB) (E.D.N.Y. 2019)). In fact, as in *Mantel*, remnants of these previous submissions appear in Mr. Liebowitz's filings here. *See Mantel*, 2019 WL 5257571, at *4. For example, on the first page of Mr. Liebowitz's declaration, he refers to Defendant as "DML," (Liebowitz Delc. ¶ 2), the name of the defendant in another default judgment case Mr. Liebowitz filed in the Eastern District of New York. *See Carmody*, No. 18-CV-4893 (WFK) (SJB) (E.D.N.Y. 2019). The two declarations were filed ten days apart. (*Compare Carmody* Decl. *with* Liebowitz Decl.). "Accordingly, in light of the simplicity of the issues, Defendant's default, and the boilerplate nature of much of Plaintiff's filings," I find, as my colleague in the Western District of New York found in a similar case, "that

13

three hours represents the reasonable number of hours that Attorney Liebowitz worked on this case." *Mantel* 2019 WL 5257571, at *5.

Using the lodestar method with the hourly rate and hours indicated as reasonable above, Plaintiff's attorney's fees come to $600.[3] Accordingly, I respectfully recommend the Court grant Plaintiff $600 in attorney's fees.

### 2. Costs

Finally, Plaintiff requests $440 in costs: $400 for the filing fee and $40 for the service fee. (Liebowitz Decl. ¶ 23). Plaintiff does not substantiate the request for costs with any supplemental material such as receipts or invoices. However, courts are permitted to take judicial notice of the district's filing fee. *See, e.g.*, *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ) (AYS), 2020 WL 473619, at *12 (E.D.N.Y. Jan. 29, 2020); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013). Therefore, I find it appropriate to take judicial notice of this District's $400 filing fee. (*See* Dkt. No. 1 Entry dated 6/27/2019 noting "filing fee $400, receipt number ANYEDC-11613146"). Still, given Plaintiff's failure "to submit adequate documentary evidence in support of its request for . . . service costs," I find it appropriate to deny "Plaintiff's request for reimbursement of such service costs." *Joe Hand Promotions, Inc.*, 2013 WL 2352855, at *12 (collecting cases).

### CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's motion for default judgment be granted and that the Court award Plaintiff $750 in statutory damages. Further, I respectfully recommend that the Court grant Plaintiff $600 in attorney's fees and $400 in costs. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon

---

[3] $200 X 3 hours = $600.

Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable LaShann DeArcy Hall within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.


*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: June 29, 2020
Brooklyn, NY